**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| MARK BRIZENDINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.  1:19-cv-1182 |
| | ) |
| STANT USA CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.     NATURE OF THE CASE

1.     Plaintiff, Mark Brizendine ("Brizendine" or "Plaintiff"), by counsel, brings this action against the Defendant, Stant USA Corp. ("Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

## II.  PARTIES

2.     Brizendine is a resident of Hancock County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.     Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

## III.     JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this

1

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117 and 29 U.S.C. §2617(a)(2).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. §2611(4).

6.      Brizendine was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7.      Brizendine, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8.      Brizendine is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Brizendine's disability and/or regarded Brizendine as being disabled and/or Brizendine has a record of being disabled.

9.      Brizendine satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination.  Brizendine received the required Notice of Right to Sue and timely files this action.

10.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### III.  FACTUAL ALLEGATIONS

11.     Brizendine began working for the Defendant on August 15, 2016 as the

Plant Quality Manager.

12.     Brizendine was hired by and reported to Rick Barnett, Plant Manager.

13.     At all times relevant, Brizendine met or exceeded Defendant's legitimate performance expectations.

14.     Brizendine suffers from Chronic Obstructive Pulmonary Disease ("COPD").  He disclosed his condition to Barnett and Clayton Judd, HR Manager, in 2017, when his condition caused him to miss several days of work.

15.     In late January 2018, Brizendine was suffering from an acute exacerbation of his COPD, which required him to work from home for approximately two weeks.

16.     On or about June 18, 2018, Brizendine developed a sinus infection, which dropped into his lungs and exacerbated his COPD. As a result, Brizendine was absent from June 19, 2018 through July 8, 2018.

17.     On June 25, 2018, Brizendine requested to use vacation time for his continued absence; however, Barnett denied his request, noting, "You are needed in the facility."  Brizendine applied for FMLA to protect his disability-related absences.

18.     On July 10, 2018, the day after Brizendine returned to work, Defendant terminated his employment.

19.     At the time of his discharge, Brizendine's FMLA request was still pending, but was later approved.

## IV.  CAUSES OF ACTION

## COUNT I: DISABILITY DISCRIMINATION

20.     Brizendine hereby incorporates by reference paragraphs one (1) through

nineteen (19) of his Complaint as if the same were set forth at length herein.

21.     Defendant discriminated against Brizendine on the basis of his disabilities.

22.     Defendant's actions were intentional, willful and in reckless disregard of Brizendine's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seg.*

23.     Brizendine has suffered damages as a result of Defendant's actions.

### COUNT II – FMLA - INTERFERENCE

24.     Brizendine hereby incorporates paragraphs one (1) through twenty-two (23) of his Complaint.

25.     Defendant unlawfully interfered with the exercise of Brizendine's rights under the FMLA.

26.     Defendant's actions were intentional, willful, and in reckless disregard of Brizendine's rights as protected by the FMLA.

27.     Brizendine suffered damages as a result of Defendant's unlawful actions.

### COUNT III – FMLA - RETALIATION

28.     Brizendine hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29.     Defendant retaliated against Brizendine for exercising his rights under the FMLA.

30.     Defendant's actions were intentional, willful, and in reckless disregard of Brizendine's rights as protected by the FMLA.

31.     Brizendine suffered damages as a result of Defendant's unlawful actions.

## VI.  <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Mark Brizendine, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstate Brizendine to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Brizendine of front pay in lieu thereof;

2.     All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Compensatory damages for Defendant's violations of the ADA;

5.     Punitive damages for Defendant's violations of the ADA;

6.     Liquidated damages for Defendant's violations of the FMLA;

7.     Costs and attorney's fees incurred as a result of bringing this action;

8.     Pre- and post-judgement interest on all sums recoverable; and

9.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Mark Brizendine, by counsel, requests a trial by jury on all issues

deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com